## POKORNY v. COUNTY OF WAYNE.

1. ESCHEAT—PUBLIC MONEYS.

   Public moneys cannot escheat to the State.

2. OFFICERS—WORDS AND PHRASES—PUBLIC FUNDS.

   Moneys which come into the hands of any officer of any county, township, school district, city, village or other municipal or public corporation, pursuant to any provision of law authorizing such officer to collect or receive the same are public moneys (Act No. 40, § 1, Pub. Acts 1932 [1st Ex. Sess.]).

3. AMICUS CURIAE—DEPOSITS OF ALIMONY—PUBLIC FUNDS.

   Deposits of alimony with the statutory friend of the court pursuant to local circuit court rule are not public funds (Wayne Circuit Court Rule No. 9, pt. 1, subd. [a]).

4. OFFICERS—DEFINITION OF PUBLIC FUNDS—CUSTODY.

   Public funds are funds belonging to the State or to any county or political subdivision thereof appropriated by the government to the discharge of its obligations, or for some public or governmental purpose but not funds collected or voluntarily contributed to a public officer and of which the State is merely the custodian.

5. SAME—PUBLIC FUNDS.

   Not all funds held by public officers are public moneys.

6. AMICUS CURIAE—UNCLAIMED DEPOSITS OF ALIMONY.

   Statutory friend of the court with whom were deposited alimony payments, not claimed by intended recipients, was merely a depository, as such funds were never intended for the use of any public agency or any governmental unit.

REFERENCES FOR POINTS IN HEADNOTES

[1, 9, 10] 19 Am. Jur., Escheat, § 5.
[2–8] 42 Am. Jur., Public Funds, § 2.
[9, 10] 19 Am. Jur., Escheat, § 5.

7. OFFICERS—PUBLIC FUNDS.

Public moneys are those funds which are raised by a governmental unit or agency for the conduct of government and for governmental purposes, and not those funds which incidentally fall into the hands of some governmental agent in the performance of his lawful functions.

8. AMICUS CURIAE—ALIMONY—FIDUCIARIES.

The statutory friend of the court holds alimony payments merely in a fiduciary capacity, not for the benefit of the county, even incidentally, but for the benefit of parties entitled to them by virtue of appropriate court' orders.

9. OFFICERS—CUSTODIAL FUNDS—ESCHEAT.

Funds held by a court or county officer which he is unable to distribute for seven years after receipt of such money because of failure of the distributee to claim the same or because the whereabouts of such distributee cannot be ascertained are escheatable (Act No. 329, § 11, Pub. Acts 1947).

10. AMICUS CURIAE—UNCLAIMED ALIMONY—INTEREST—ESCHEAT.

Payments of alimony, deposited with statutory friend of the court pursuant to local circuit court rule, escheat to the State together with interest thereon where unclaimed for a period of seven years and cannot be deposited by the friend of the court in the county general fund (Act No. 329, § 11, Pub. Acts 1947).

11. ESCHEAT—STATUTES—FUNDS HELD BY PUBLIC OFFICER AS CUSTODIAN.

Statute escheating funds held by court or county officers but unclaimed or undistributable for a period of seven years from receipt thereof *held,* valid (Act No. 329, § 11, Pub. Acts 1947).

12. COSTS—PUBLIC QUESTION—UNCLAIMED ALIMONY—COUNTY GENERAL FUND—ESCHEAT.

No costs are allowed in suit to determine whether or not unclaimed alimony deposits with statutory friend of the court might properly be paid into county general fund or escheat to the State, a question of public interest being involved (Act No. 329, § 11, Pub. Acts 1947).

Appeal from Wayne; Marschner (Adolph F.), J. Submitted June 16, 1948. (Docket No. 18, Calendar No. 43,672.) Decided September 8, 1948.

Bill by Edward Pokorny, friend of the court for county of Wayne, against county of Wayne, Attorney General of Michigan and State Board of Escheats for State of Michigan for decree ordering plaintiff to deposit $11,000 with general fund of Wayne county. Decree for plaintiff. Defendants Attorney General and State Board of Escheats for the State of Michigan appeal. Reversed and decree for the appellants entered.

*James N. McNally,* Prosecuting Attorney, and *J. Lynn Fewlass* and *Julius C. Pliskow,* Assistants Prosecuting Attorney, for plaintiff and defendant county of Wayne.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara, Ben H. Cole, Victor H. Meier* and *Archie C. Fraser,* Assistants Attorney General, for the defendants Attorney General and State Board of Escheats.

Bushnell, C. J. This is an appeal by defendants attorney general and the State board of escheats from a decree pertaining to the disposition of certain funds now held by plaintiff Edward Pokorny, friend of the court of Wayne county. Pokorny filed a bill of complaint in which he stated that there was in his hands as of March 30, 1943, the sum of $11,969.92, representing unclaimed alimony deposited with him under the terms of orders theretofore entered, by the Wayne circuit court, which sum has been unclaimed by the intended recipients thereto for 10 years and upwards. This money is on deposit in a savings account in a Detroit bank. Plaintiff further informed the circuit court that he had in his hands the sum of $4,992.60 in separate account, representing interest earned upon the above mentioned funds to February 26, 1943.

On July 15, 1943, the board of supervisors of the county of Wayne adopted a resolution expressing its desire that these funds be placed by Pokorny in the county treasury to the credit of the general fund of the county. This resolution requested plaintiff to apply to the Wayne circuit court for an order directing him to deposit in the general fund of Wayne county all interest earned upon said bank deposits of alimony, except for certain items not important here, and all moneys coming into his possession which have not been claimed for a period of 6 years or more.

This resolution also provided for the situation where the moneys in question, or part of them, shall be claimed by those originally entitled thereto, and provided a method for their payment.

Pokorny's bill alleged that the board of escheats of the State of Michigan may claim that these funds should be paid to it by virtue of the statutes of the State of Michigan, and he asked that it be joined as a party defendant. The circuit court, after considering appellants' answer and the testimony of Pokorny, granted plaintiff the relief here requested and ordered him to deposit the mentioned funds to the credit of the county's general fund.

It is the first contention of the plaintiff that the funds are public moneys, and therefore are not subjected to the escheat statutes of this State. Both sides agree that, if these funds are public moneys, then they cannot escheat to the State. However, we are unable to find in the present instance that these funds are public moneys. Public moneys are defined by our statute as follows, being Act No. 40, § 1, Pub. Acts 1932 (1st Ex. Sess.) (Comp. Laws Supp. 1940, § 2746-9, Stat. Ann. § 3.751):

"All moneys which shall come into the hands of any officer of any county, or of any township, school district, city or village, or of any other municipal

or public corporation within this State, pursuant to any provision of law authorizing such officer to collect or receive the same, shall be denominated public moneys within the meaning of this act."

Plaintiff contends that he, and these funds which he has received, fall within the definition given in the statute because, by virtue of Wayne Circuit Court Rule No. 9, subd. (a) of part 1, he is an officer of the court. That he is such an officer of the court is sustained by the cited court rule, which reads:

"All payments of alimony, temporary and permanent, shall be made payable to and shall be paid to the friend of the court, who shall be deputized as a deputy court clerk for that purpose."

But it still does not follow that these funds are public moneys. The distinction between public and nonpublic moneys is well stated in 50 C. J. p. 854, § 40, where it is said:

"The term 'public funds' means funds belonging to the State or to any county or political subdivision of the State; more specifically taxes, customs, moneys, et cetera, raised by the operation of some general law, and appropriated by the government to the discharge of its obligations, or for some public or governmental purpose; and in this sense it applies to the funds of every political division of the State wherein taxes are levied for public purposes. The term does not apply to special funds, which are collected or voluntarily contributed, for the sole benefit of the contributors, and of which the State is merely the custodian."

This definition of public moneys is sustained by the following authorities: *Branch* v. *United States,* 12 Court of Claims, 281; *Federal Deposit Ins. Corporation* v. *Tremaine,* 37 Fed. Supp. 177, 41 Fed. Supp. 849; *Hood* v. *Hardesty,* 94 Fed. (2d) 26, cer-

tiorari denied, 303 U. S. 661 (58 Sup. Ct. 765, 82 L. Ed. 1120); and *State, ex rel. Stearns,* v. *Olson, State Treasurer,* 43 N. D. 619 (175 N. W. 714).

The instant case is a prime example of a situation where the distinction must be drawn between funds held by governmental officers. If we are not to say that all funds held by such officers are public moneys, which we cannot say, then this is clearly a case where such funds must be held not to be public moneys. Here, the plaintiff is merely a depository, he has no interest in these funds other than to collect them and to see that they eventually, if possible, go to those parties entitled to them. These funds were never intended for the use of any public agency or any governmental unit, and to so appropriate them would be a misuse of them. To call these moneys public moneys merely because they have been deposited with the plaintiff would be the same as saying that these funds belong to the bank in which they are deposited, only because they are there so deposited. Such a result would, of course, be ridiculous.

Notwithstanding the statute, which we construe to be consistent with this holding, public moneys mean those funds which are raised by a governmental unit or agency for the conduct of government and for governmental purposes, and not those funds such as the present, which incidentally fall into the hands of some governmental agent, while such agent is performing his lawful functions. These funds never were intended to belong to the county and were held by plaintiff merely in a fiduciary capacity, not for the benefit of the county, even incidentally, but for the benefit of those parties entitled to them by virtue of appropriate court orders.

Nevertheless, it is contended by plaintiff that these funds cannot be escheated to the State board

of escheats. There is no support for this conten-
tion. At its last regular session the legislature, ap-
parently to clear up any doubts which the parties to
this controversy, and others, had concerning the dis-
position of such funds as are here in controversy,
passed Act No. 329, § 11, Pub. Acts 1947 (Stat. Ann.
1947 Cum. Supp. § 26.1053 [11]), which provides:

"Whenever any officer of a court in this State,
including Federal courts, or any county officer is
in possession of any money or other property col-
lected or received pursuant to an order of court,
and such officer is unable to distribute or pay out
such money or property to the person or persons
entitled thereto as prescribed by such order or de-
cree of court, due to the failure of the distributee or
distributees to claim the same, or for the reason
that the whereabouts of such distributee or dis-
tributees cannot be ascertained and such inability
shall continue for a period of 7 years from and after
the receipt of such money or property by such offi-
cer, then it shall be the duty of such officer to report
the same to the State board of escheats as aban-
doned property in conformity with the provisions
of section 6 or 8 hereof.

"Upon the receipt of the report required by this
section, the board of escheats shall immediately de-
liver a copy thereof to the attorney general whose
duty it shall be to institute or cause to be instituted
a proper suit or proceeding for an adjudication of
abandonment and the descent of such property to
the State as an escheat as provided in this act:
*Provided*, That nothing contained in this section
shall be construed as divesting the court, under
whose order or decree the money was received by
said officer, of jurisdiction over said money or prop-
erty and the power to control the distribution there-
of to the rightful owner or owners, except as such
court shall waive jurisdiction, or the owner or own-
ers of such property shall fail to appear and cause
their appearance to be entered in the suit or pro--

ceeding instituted by the attorney general, or at his instance, as provided in this act."

This act provides specifically for the situation at hand, and dictates the result that the fund in question should escheat to the State, and therefore cannot be deposited by the plaintiff in the Wayne county general fund as ordered by the circuit court. No objection has been made to the validity of this act, and it appears to us that it is a valid exercise of legislative power.

Therefore, of necessity, the decree of the lower court is vacated, and one may be entered here in conformity with this opinion, but without costs, a question of public interest being involved.

Sharpe, Boyles, Reid, North, Butzel, and Carr, JJ., concurred. Dethmers, J., did not sit.